UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>CANON INC.<br><br>and<br><br>TOSHIBA CORPORATION<br><br>*Defendants.* | Civil Action No. 1:19-cv-01680-TSC |

## FINAL JUDGMENT

WHEREAS the United States of America filed its Complaint on June 10, [DATE], 2019, alleging that Defendants Canon Inc. and Toshiba Corporation violated Section 7A of the Clayton Act, 15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976 (the "Hart-Scott-Rodino Act"), and the United States and Defendants Canon Inc. and Toshiba Corporation, by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or an admission by any party regarding any issue of fact or law;

AND WHEREAS Defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

1

NOW, THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon the consent of the parties hereto, it is ORDERED, ADJUDGED, AND DECREED:

## I. JURISDICTION

The Court has jurisdiction over the subject matter of this action. The Defendants consent solely for the purpose of this action and the entry of this Final Judgment that this Court has jurisdiction over each of the parties to this action. The Complaint states a claim upon which relief may be granted against the Defendants under Section 7A of the Clayton Act, 15 U.S.C. § 18a.

## II. DEFINITIONS

A. "Canon Inc." means Canon Inc., a corporation organized under the laws of Japan, with its principal office and place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo, Japan, including its successors and assigns, and its subsidiaries and divisions.

B. "Toshiba Corporation" means Toshiba Corporation, a corporation organized under the laws of Japan, with its principal office and place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo, Japan, including its successors and assigns, and its subsidiaries and divisions.

C. "Voting Securities" shall have the same meaning as defined in the HSR Act and Regulations promulgated thereunder, 16. C.F.R. § 801(f)(1)(i).

D. "Regulation" means any rule, regulation, statement, or interpretation under the Hart-Scott-Rodino Act that has legal effect with respect to the implementation or

2

application of the Hart-Scott-Rodino Act or any section or subsection within 16 C.F.R. §§ 801-803.

E. "Significant Sales" means sales in excess of $90 million in the most recent fiscal year.

### III. APPLICABILITY

This Final Judgment applies to Canon Inc. and Toshiba Corporation, as defined above, and all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

### IV. CIVIL PENALTY

A. Judgment is hereby entered in this matter in favor of Plaintiff and against Defendants, and, pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134 § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74 § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 84 Fed. Reg. 3980 (February 14, 2019), each Defendant is hereby ordered to pay a civil penalty in the amount of $2.5 million, for a total of $5 million. Payment of the civil penalty ordered hereby shall be made by wire transfer of funds or cashier's check. If the payment is made by wire transfer, Defendants shall contact Janie Ingalls of the Antitrust Division's Antitrust Documents Group at (202) 514-2481 for instructions before making the transfer. If the payment is made by cashier's check, the check shall be made payable to the United States Department of Justice and delivered to:

        Janie Ingalls
        United States Department of Justice
        Antitrust Division, Antitrust Documents Group
        450 5th Street, NW
        Suite 1024
        Washington, D.C. 20530

B. Defendants shall pay the full amount of the civil penalty within thirty (30) days of entry of this Final Judgment. In the event of a default or delay in payment, interest at the rate of eighteen (18) percent per annum shall accrue thereon from the date of the default or delay to the date of payment.

## V. COMPLIANCE PROGRAM

A. To ensure compliance with Section 7A of the Clayton Act, 15 U.S.C. § 18a, each Defendant shall initiate and maintain a compliance program that shall include designating, within thirty (30) days of the entry of this Final Judgment, a Compliance Officer with responsibility for achieving compliance with Section 7A of the Clayton Act and identify to the United States his or her name, business address, telephone number, and email address. Within forty-five (45) days of a vacancy in the Compliance Officer position, a Defendant shall appoint a replacement, and shall identify to the United States the Compliance Officer's name, business address, telephone number, and email address. Defendants' initial or replacement appointments of Compliance Officers are subject to the approval of the United States, in its sole discretion.

B. The Compliance Officer for each Defendant shall institute a Hart-Scott-Rodino Act compliance program for that Defendant's employees who have direct responsibility for or authority over execution of acquisitions by that Defendant of (1) assets that generate Significant Sales in or into the United States or (2) Voting Securities of an issuer that has Significant Sales

in or into the United States ("Relevant Employees"). The compliance program shall provide at least two hours of training for each Relevant Employee (including, for the avoidance of doubt, any individual who becomes a Relevant Employee after entry of this Final Judgment) on the requirements of Section 7A of the Clayton Act, such training to be delivered by an attorney with expertise in United States antitrust law. For each Defendant, the attorney conducting such training shall provide the Defendant's Compliance Officer with annual certification that he or she has the required expertise and has provided each Relevant Employee with the training described in this subsection.

C. Each Defendant's Compliance Officer shall obtain, within six months after entry of this Final Judgment, and on an annual basis thereafter, on or before each anniversary of the entry of this Final Judgment, from each person identified in Section V.B of this Final Judgment, a certification that each such person has received the required two hours of Hart-Scott-Rodino Act training.

D. Each Defendant's Compliance Officer shall communicate annually to Relevant Employees of the relevant Defendant that they may disclose to that Defendant's Compliance Officer, without reprisal, information concerning any potential violation of Section 7A of the Clayton Act.

E. Each Defendant's Compliance Officer shall provide to the United States within six months after entry of this Final Judgment, and on an annual basis thereafter, on or before each anniversary of the entry of this Final Judgment, a written statement as to the fact and manner of Defendant's compliance with Section V of this Final Judgment.

## VI. COMPLIANCE INSPECTION

A. For the purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally-recognized privilege, from time to time authorized representatives of the United States, including agents and consultants retained by the United States, shall, upon written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to Defendants, be permitted:

(1) access during Defendants' office hours to inspect and copy, or at the option of the United States, to require Defendants to provide electronic copies of all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of Defendants, relating to any matters contained in this Final Judgment; and

(2) to interview, either informally or on the record, Defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Defendants.

B. Upon the written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, Defendants shall submit written reports or response to written interrogatories, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

C. No information or documents obtained by the means provided in Section VI shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D. If at the time that Defendants furnish information or documents to the United States, Defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and Defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," then the United States shall give Defendants ten (10) calendar days' notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## VII. RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any of the parties to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify or terminate any of its provisions, to enforce compliance, and to punish violations of its provisions.

## VIII. ENFORCEMENT OF FINAL JUDGMENT

A. The United States retains and reserves all rights to enforce the provisions of this Final Judgment, including the right to seek an order of contempt from the Court. Defendants agree that in any civil contempt action, any motion to show cause, or any similar action brought by the United States regarding an alleged violation of this Final Judgment, the United States may establish a violation of the decree and the appropriateness of any remedy therefor by a preponderance of the evidence, and Defendants waive any argument that a different standard of proof should apply.

B. The Final Judgment should be interpreted to give full effect to the procompetitive purposes of the antitrust laws, including Section 7A of the Clayton Act and Regulations

7

promulgated thereunder. Defendants agree that they may be held in contempt of, and that the Court may enforce, any provision of this Final Judgment that, as interpreted by the Court in light of these procompetitive principles and applying ordinary tools of interpretation, is stated specifically and in reasonable detail, whether or not it is clear and unambiguous on its face. In any such interpretation, the terms of this Final Judgment should not be construed against either party as the drafter.

      C. In any enforcement proceeding in which the Court finds that a Defendant has violated this Final Judgment, the United States may apply to the Court for a one-time extension of this Final Judgment for that Defendant, together with such other relief as may be appropriate. In connection with any successful effort by the United States to enforce this Final Judgment against a Defendant, whether litigated or resolved prior to litigation, each Defendant agrees to reimburse the United States for the fees and expenses of its attorneys, as well as any other costs including experts' fees, incurred in connection with that enforcement effort, including in the investigation of the potential violation.

      D. For a period of four (4) years after the expiration of the Final Judgment pursuant to Section IX, if the United States has evidence that a Defendant violated this Final Judgment before it expired, the United States may file an action against that Defendant in this Court requesting that the Court order (1) Defendant to comply with the terms of this Final Judgment for an additional term of at least four years following the filing of the enforcement action under this Section, (2) any appropriate contempt remedies, (3) any additional relief needed to ensure the Defendant complies with the terms of the Final Judgment, and (4) fees or expenses as called for in Section VIII.C.

## IX. EXPIRATION OF FINAL JUDGMENT

Unless this Court grants an extension, this Final Judgment shall expire three (3) years from the date of its entry if each Defendant has paid the civil penalty in full.

## X. COSTS

Each party shall bear its own costs of this action.

## XI. PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest. The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States' responses to comments. Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

Dated: 10/8/2019

_____
United States District Judge